IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
Case No. _____

TINA M. WRIGHT,
    Plaintiff

v.                          COMPLAINT

HARTFORD LIFE AND
ACCIDENT INSURANCE
COMPANY a/k/a THE HARTFORD
    Defendant.

## PARTIES

1. Plaintiff, Tina Wright, is a citizen and resident of Iredell County, North Carolina.

2. Upon information and belief, Defendant, Hartford Life and Accident Insurance Company (hereinafter "The Hartford") is a properly organized insurance company authorized to do business in the State of North Carolina, and doing business in Iredell County and in North Carolina. Upon information and belief, The Hartford contracted with ProBuild Holdings, Inc. To provide disability insurance to the employees of ProBuild Holdings, Inc. Plaintiff was employed by ProBuild Holdings, Inc. in North Carolina prior to September 12, 2008.

3. Upon in formation and belief, Defendant, The Hartford administers long term disability insurance programs which are "employee welfare benefit plans" within the meaning of section 3(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. Sec. 1101 et. seq. The Plan is subject to being sued as a separate entity pursuant to 29 U.S.C. Sec. 1132(d)(1).

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this actual pursuant to 28 U.S.C. Section 1331, in that the claim arises under the laws of the United States.

5. Plaintiff brings this action to enforce her rights under ERISA as authorized by 29 U.S.C. Section 1132.

6. The proper venue is the Western District of North Carolina in that the Plaintiff resides in said district and the Defendant does business in this district.

## FACTUAL ALLEGATIONS

7. As of 2008 Plaintiff was employed by ProBuild Holding, Inc. (the "Employer") in Kings Mountain, North Carolina as a truss designer. Prior to 2008 Plaintiff had been employed in the same business by U.S. Components which was acquired by Strober which was in turn acquired by ProBuild Holding, Inc.

8. The Employer arranged for Plaintiff and other employees to travel to New Jersey for orientation, training, and meetings regarding employee benefits.

9. Among the benefits offered were a standard employer paid disability insurance plan which involved the employer paying the premiums for disability insurance coverage. The standard plan paid disability insurance benefits for a limited period of time.

10. Another offered benefit was an 'extended' benefit plan which employees could participate in at their own expense. The extended benefit plan paid a monthly benefit that was equal to the difference between the disabled employee's monthly salary and the monthly amount of any social security disability insurance benefit. The extended benefit plan provided disability insurance benefits for a disabled employee up through their social security retirement age.

11. Plaintiff enrolled in extended coverage, also referred to by the Hartford as an "LTD BUY-UP". Plaintiff paid for said extended LTD BUY-UP coverage.

12. In May of 2008 Plaintiff developed a MRSA infection beginning in her

left index finger. The infection spread to other parts of her body. Plaintiff was hospitalized and treated. She was treated with antibiotics but suffered severe side effects from the treatment. She developed sepsis, osteomyelitis, gastrointestinal symptoms, a mitral valve disorder, bone marrow suppression, migraine headaches, anemia, and degenerative disc disease. The complications in turn required treatment beyond the treatment of the original condition. Plaintiff was hospitalized several times but many of her complications have never resolved.

13. By April of 2009 her primary care physician opined that Plaintiff was not strong enough for even ordinary activity. At that time Plaintiff was unable to stand or walk for more than 15 minutes at a time, could not lift more than five (5) pounds, and could not even sit for prolonged periods of time.

14. Plaintiff was treated by a pain management specialist, John Edmiston, M.D. Dr. Edmiston's records indicate that Plaintiff's symptoms were persistent in spite of the fact that she received epidural steroid injections and used narcotic pain medication.

15. Plaintiff's long term disability benefits from the Hartford were effective on December 17, 2008.

16. On July 4, 2010 the Hartford notified Plaintiff that they had initiated an investigation to determine if she would qualify for benefits after December 17, 2010.

17. On May 2, 2011, the Social Security Administration, by and through the findings of an Administrative Law Judge found that the Plaintiff had been disabled since June 20, 2008.

18. Defendant Hartford continued to pay disability insurance benefits to the Plaintiff through and including payments made in March, April, May, June, and July of 2011. Upon information and belief those payments were made in amounts scheduled under the standard disability insurance plan.

19. On July 21, 2011 the Defendant made a payment to Plaintiff in the amount of $1,098.00. Upon information and belief that payment was in an amount scheduled under the LTD BUY UP or "extended" disability insurance plan.

20. Plaintiff has not received any payments from the Hartford since July 21,

2011.

21. The Hartford has alleged that the Plaintiff was overpaid and the Hartford has demanded repayment of benefits from the Plaintiff.

22. The Hartford has continued to request information from the Plaintiff.

23. Plaintiff has responded requests from the Hartford by completing forms and providing documents to the Hartford as requested.

24. To date the Hartford has not issued a written decision in the Plaintiff's claim from which the Plaintiff can file an administrative appeal or a judicial appeal. The Hartford's failure to issue a decision on the claim has created a situation in which the Plaintiff has not had the opportunity to pursue and exhaust her administrative remedies.

## ERISA CLAIMS

1. Defendant is a benefit plan fiduciary under ERISA. Defendant has breached its fiduciary duty to Plaintiff.

2. Plaintiff is entitled to benefits under the applicable Hartford LTD BUY UP plan.

3. Defendants are liable under 29 U.S.C. Sec. 1132(a)(1)(B) to pay past and future benefits to the Plaintiff.

4. Defendant's failure to explain its decision regarding Plaintiff's benefits and Defendant's failure to give proper notice is in violation of 29 U.S.C. Sec. 1333.

BASED ON the foregoing facts, the Plaintiff prays:

1. That the Court review the Defendant's benefits decision

2. That the Court award Plaintiff all benefits due under the plans

3. That the Court enjoin Defendant from engaging in further violations of ERISA.

4. That the Court award to the Plaintiff all prejudgment interest allowed by law;

5. That the Court award the Plaintiff reasonable attorney's fees and costs of litigation;

6. That the Court order such other and further relief as is just and proper.

This the 19th day of July, 2014.

                                          s/ Beth R. Setzer
                                          N.C. Bar Number: 17576
                                          Attorney for the Plaintiff
                                          Beth R. Setzer Attorney at Law, P.C.
                                          140 North Center Street, Suite 110
                                          Statesville, NC 28677
                                          Phone: 704-883-0500
                                          Fax: 704-883-0578
                                          bsetzer@i-america.net

NORTH CAROLINA

IREDELL COUNTY

VERIFICATION

Tina M. Wright, being first duly sworn, deposes and says that she is the Plaintiff in the above-entitled action; that she has read the foregoing Complaint; that the same is true to the best of her own knowledge, except for those matters and things therein stated upon information and belief; and as to those, she believes them to be true.

This the 17th day of July, 2014.

_____
Tina M. Wright

I, Beth R. Setzer, a Notary Public for Iredell County, North Carolina, does hereby certify that Tina M. Wright personally appeared before me this day and acknowledged the due execution of the foregoing Complaint.

Witness my hand and official seal, this the 17th day of July, 2014.

(Official Seal)

_____
Beth R. Setzer

My commission expires: October 14, 2018